IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

STANLEY WILLIAMS,

    Plaintiff

VS.      NO. 5:10-CV-211 (MTT)

WANDA M. HOLSEY,
BRAD P. SELLERS,      **PROCEEDINGS UNDER 42 U.S.C. §1983**
JARVIS CULVER,      **BEFORE THE U. S. MAGISTRATE JUDGE**
WILLIAM B. MASSEE,
and CHARLES GUERIN,

    Defendants

## ORDER AND RECOMMENDATION

Plaintiff **STANLEY WILLIAMS,** an inmate at Dodge State Prison in Chester, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. The Court previously granted plaintiff's motion to proceed *in forma pauperis*. He is responsible for full payment of the $350.00 filing fee, as described in detail below.

### I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. ***Scheuer v. Rhodes***, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. See *Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. STATEMENT OF PLAINTIFF'S CLAIMS

Plaintiff Williams states that in October of 2007, Detective Culver arrested him and charged him with armed robbery. He avers that he spent six months in jail before "getting the charges dismissed in April 2008."

Plaintiff maintains that in November of 2008, Lt. Brad Sellers, Detective Wanda Holsey, and Detective Culver targeted and arrested him for robbing the Jet Food Store in Milledgeville, Georgia. He alleges that Wanda Holsey consulted Detective Culver and that they targeted him for the November, 2008 armed robbery based solely on the 2007 false arrest. Plaintiff avers that they "falsified evidence to issue warrants to have [him] arrested for armed robbery on November 18, 2008." Plaintiff states that he has been "locked up for 19 months."

Apparently, plaintiff had a "jury trial for armed robbery and aggravated assault" on June 2, 2009. Plaintiff Williams states that defendants Guerin, Holsey, and Sheriff William Massey "plotted together . . . to purchase and have [him] . . . wear in front of the jury the exact clothing that the clerk described the robber as wearing." He avers that District Attorney Guerin lied during the trial, threatened [him] to plead guilty in exchange for 10 years to serve and 10 years probation for a crime [he] had no evidence on," knowingly used false testimony, and falsified evidence. Plaintiff also claims that he was tried for aggravated assault when he was never arrested and charged with such offense. He maintains that he defended himself and was found not guilty of both armed robbery and aggravated assault.

However, plaintiff states that District Attorney Charles Guerin, acting in concert Wanda Holsey, had four years of his probation revoked. Plaintiff alleges that they withheld evidence and knowingly used perjured testimony from several witnesses at the probation revocation hearing.

### III. ANALYSIS OF PLAINTIFF'S CLAIMS

A. October 2007 Arrest

To any extent that plaintiff Williams is asserting a false arrest and false imprisonment claim stemming from the October 2007 arrest, these claims are time barred. 42 U.S.C. § 1983 has no statute of limitations of its own. Instead all § 1983 claims are governed by the state limitations statute governing personal injury actions. ***Wilson v. Garcia***, 471 U.S. 261 (1985). In Georgia, the statute of limitations for personal injury actions is two years. Ga. Code Ann. § 9-3-33. "The question of when the limitations period begins to run . . . is one of federal law." ***Uboh v. Reno***, 141 F.3d 1000, 102 (11th Cir. 1998). "Section 1983 actions do not 'accrue until the plaintiff is aware of should have been aware who has inflicted the injury'." ***Brown v. Lewis***, No. 4:08-CV-150 (CDL), 2009 U. S. Dist LEXIS 54005 at *6 (M. D. Ga. June 25, 2009 M. D. Ga.) (quoting ***Mullinax v. McElhenney***, 817 F.2d 711, 716 (11th Cir. 1987)). In this case, plaintiff "knew of the arrest forming the basis for this claim as soon as it occurred," in October of 2007. ***Id***. Therefore, plaintiff had two years from that date to file his claim. He did not file the current lawsuit until June 2, 2010, well after the two years statute of limitations had run.

To any extent that plaintiff claims malicious prosecution in relation to the October 2007 arrest, he states that the charges were dismissed in April, 2008. Again, he would have had two years from that date to file such an action. This two years expired prior to plaintiff filing this action on June 2, 2010.

C.  March 2009 Probation Revocation.

Plaintiff claims that his probation was revoked in March of 2009 as a result of the November 2008 armed robbery charge.  He claims that Wanda Holsey and Charles Guerin[1] falsified evidence, withheld evidence, and knowingly presented perjured testimony at the parole revocation hearing.  These claims must be dismissed pursuant to ***Heck v. Humphrey***, 512 U.S. 477 (1994).  In ***Heck***, the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

***Id.*** at 2372-73.

In other words, a prisoner cannot bring a § 1983 action that would invalidate a sentence or conviction unless the sentence or conviction in question has previously been invalidated.  Such an action, if brought prior to invalidation of the conviction or sentence challenged, must therefore be dismissed as premature.  ***Id.*** at 2372.  In addition to convictions and sentences, ***Heck*** applies to parole and probation revocation proceedings.  ***See Jackson v. Vannoy***, 49 F.3d 175, 177 (5th Cir.), ***cert. denied***, 116 S. Ct. 148 (1995).

In the case at bar, plaintiff's allegations regarding perjured testimony, the withholding of exculpatory evidence, and the presentation of perjured testimony, if proven, might invalidate the revocation of his probation.  ***See e.g., White v. Gittens***, 121 F.3d 803 (1st Cir. 1997) (***Heck*** barred action alleging denial of due process for failure to provide attorney at parole revocation hearing because the sentence following the revocation had not yet been invalidated).

---

[1]Mr. Guerin would also have absolute prosecutorial immunity in relation to these claims, for the same reasons explained in detail below.

4

Because plaintiff Williams has not demonstrated that he has appealed his probation revocation in the state courts or that his revocation proceeding has been reversed, expunged, set aside, or called into question by the issuance of a writ of habeas corpus, **Heck** bars all of plaintiff's claims that would necessarily call into question his probation revocation. Plaintiff must return to state court and attempt to invalidate his probation revocation. If plaintiff should succeed, he may then institute an action for damages under § 1983 in federal court.

In light of the foregoing, **IT IS RECOMMENDED** that plaintiff's claims regarding his probation revocation be **DISMISSED WITHOUT PREJUDICE** from this action. Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order.

C. November 2008 Arrest and June 2009 Trial

Plaintiff Williams also raises claims of false arrest, false imprisonment, and malicious prosecution in relation to his November, 2008 arrest. He claims that he was found not guilty in his June, 2009 criminal trial; he contends that the district attorney went forward with the case when he knew he did not have enough evidence, falsified evidence, used perjured testimony, and tried him for aggravated assault when he was never indicted for such offense.

"In § 1983 actions, prosecutors have absolute immunity for all activities that are 'intimately associated with the judicial phase of the criminal process'." **Rehberg v. Paulk**, 598 F.3d 1268, 1276 (2010) (quoting **Van de Kamp v Goldstein**, 129 S. Ct. 1092, 1097 (1986)). A prosecutor has absolute immunity regarding his or decision to prosecute. This is true even if the decision to do so was made without probable cause. *Id*. Moreover, District Attorney Guerin has absolute immunity as to the presentation of alleged perjured testimony, the falsification of evidence, and the

5

withholding of material or exculpatory evidence. *Id*., *Fullman v. Graddock*, 739 F.2d 553, 559 (11th Cir. 1984). Finally, the district attorney also has absolute immunity in relation to the claim that he threatened plaintiff in an attempt to get him to plead guilty. *Hanzel v. Gerstein*, 608 F.2d 654, 657 (11th Cir. 1979). Consequently, **IT IS RECOMMENDED** that all of these claims against District Attorney Charles Guerin be **DISMISSED** from this action.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order.

Prosecutors, however, are not absolutely immune for administrative actions or functions not related to trial or trial preparation. The Court, at this time, cannot find that defendant Guerin has absolute immunity in relation to plaintiff's claim that he conspired with detectives and the sheriff to have plaintiff wear to trial the same color and style of clothes worn by the perpetrator of the armed robbery as shown in the store video taken the day of the robbery and as described by a witness to the robbery. Therefore, this claim shall go forward against defendants Guerin, Holsey, and Massee.

Additionally, the Court cannot find that other claims relating the November 2008 arrest and June 2009 trial are wholly frivolous. Therefore, these claims should go forward against the five named defendants.

Accordingly, IT IS ORDERED AND DIRECTED that service be made as provided by law upon the defendants; that a WAIVER OF REPLY, an ANSWER or such other response as may be appropriate under Rule 12 of the **FEDERAL RULES OF CIVIL PROCEDURE**, 28 U.S.C. §1915, and the *Prison Litigation Reform Act* be filed herein by said defendants as required and permitted by law.

It is further ORDERED AND DIRECTED that a copy of this order be served upon plaintiff's custodian, if any.

6

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, each party shall at all times keep the Clerk of this court and all opposing attorneys and/or parties advised of his current address. **FAILURE TO PROMPTLY ADVISE THE CLERK OF ANY CHANGE OF ADDRESS MAY RESULT IN THE DISMISSAL OF A PARTY'S PLEADINGS FILED HEREIN!**

☞ ## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must <u>diligently</u> prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to prosecute. Defendants are advised that they are expected to <u>diligently</u> defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determine that discovery has been completed and all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to <u>file</u> original motions, pleadings, and correspondence with the Clerk of court; to <u>serve</u> copies of <u>all</u> motions, pleadings, discovery, and correspondence (<u>including letters to the Clerk or to a judge</u>) upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions and pleadings filed with the Clerk a **CERTIFICATE OF SERVICE** indicating <u>who</u> has been served and <u>where</u> (i.e., at what address), <u>when</u> service was made, and how service was accomplished (i.e., by U. S. Mail, by personal service, etc.).

THE CLERK OF COURT WILL NOT SERVE OR FORWARD COPIES OF SUCH MOTIONS, PLEADINGS, AND CORRESPONDENCE ON BEHALF OF THE PARTIES!

## DISCOVERY

PLAINTIFF(S) SHALL NOT COMMENCE DISCOVERY UNTIL AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED ON BEHALF OF THE DEFENDANT(S) FROM WHOM DISCOVERY IS SOUGHT BY THE PLAINTIFF(S). THE DEFENDANT(S) SHALL NOT COMMENCE DISCOVERY UNTIL SUCH TIME AS AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his/her custodian.

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed **WITHIN 90 DAYS** from the date of filing of an **ANSWER** or **DISPOSITIVE MOTION** by the defendant(s), unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This **90 DAY** period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer/dispositive motion. The scheduling of a trial herein may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

DISCOVERY MATERIALS SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT. **NO PARTY SHALL BE REQUIRED TO RESPOND TO ANY DISCOVERY NOT DIRECTED TO HIM OR SERVED UPON HIM BY THE OPPOSING COUNSEL/PARTY!** The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party. <u>No party shall be required to respond to any such requests which exceed these limitations</u>.

☞                <u>**REQUESTS FOR DISMISSAL AND/OR JUDGMENT**</u>

Dismissal of this action or requests for judgment will <u>not</u> be considered by the court absent the filing of a **<u>SEPARATE</u> <u>MOTION</u>** therefor accompanied by a brief/memorandum of law citing supporting authorities. DISPOSITIVE MOTIONS should be filed at the earliest time possible, but in any event no later than **THIRTY (30) DAYS** after the close of discovery unless otherwise directed by the court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the **WARDEN** of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall *each month* cause to be remitted to the Clerk of this court **TWENTY PERCENT (20%)** of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the *Prison Litigation Reform Act*, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of court *each month* until the filing fee is paid in full, *provided* the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

# ELECTION TO PROCEED BEFORE THE
# UNITED STATES MAGISTRATE JUDGE

Under **Local Rule 72**, all prisoner complaints filed under provisions of 42 U.S.C. §1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all pretrial matters. In addition, 28 U.S.C. §636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or nonjury civil matter and to order the entry of judgment in a case upon the written consent of all of the parties. Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U. S. district judge is strictly up to the parties themselves.

☞ After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide **ELECTION FORMS** to the parties and/or to their legal counsel, if represented. Upon receipt of the **ELECTION FORMS**, each party shall cause the same to be executed and returned to the Clerk's Office WITHIN FIFTEEN (15) DAYS. Counsel may execute **ELECTION FORMS** on behalf of their clients provided they have such permission from their clients. However, counsel must specify on the **ELECTION FORMS** on whose behalf the form is executed.

SO ORDERED AND RECOMMENDED, this 7th day of June, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

# ADDENDUM TO ORDER

## NOTICE TO ALL PARTIES

PURSUANT TO THE COURT'S ORDER REGARDING DISCOVERY SET OUT ABOVE, NO DISCOVERY SHALL BE PERMITTED IN THIS CASE UNTIL AN ANSWER OR DISPOSITIVE MOTION (e.g., MOTION TO DISMISS, MOTION FOR SUMMARY JUDGMENT, MOTION FOR JUDGMENT ON THE PLEADINGS) HAS BEEN FILED BY THE DEFENDANT(S).

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, DISCOVERY (DEPOSITIONS, INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, REQUESTS FOR ADMISSIONS, ETC., AND RESPONSES THERETO) SHALL **NOT** BE FILED WITH THE CLERK OF COURT. NOTE THAT THIS IS A CHANGE IN THE PROCEDURE HERETOFORE FOLLOWED IN THIS DISTRICT.

DO **NOT** FILE **ANY** DISCOVERY WITH THE COURT UNLESS YOU ARE SPECIFICALLY DIRECTED TO DO SO BY THE COURT OR UNLESS FILING IS NECESSARY TO SUPPORT OR CONTEST A MOTION TO COMPEL DISCOVERY, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION. THE CLERK IS DIRECTED TO RETURN ANY SUBMITTED DISCOVERY TO THE PARTY SUBMITTING IT UNLESS IT IS FILED PURSUANT TO AN ORDER OF THE COURT OR IN SUPPORT OF A MOTION TO COMPEL, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION.