**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **STANLEY WILLIAMS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **NO.  5:10-CV-211 (CAR)** |
| **VS.** | : | |
| | : | |
| **WANDA M. HOLSEY, *et al*.,** | : | |
| | : | **Proceedings Under 42 U.S.C. §1983** |
| **Defendants.** | : | **Before the U.S. Magistrate Judge** |
| | : | |

<u>**RECOMMENDATION**</u>

Before the Court are a Motion to Dismiss filed by Defendant Charles Guerin (Doc.13), and

a Motion for Summary Judgment filed by Defendants William Massee and Jarvis Culver (Doc. 39).

For the following reasons, **IT IS RECOMMENDED** that these motions be **GRANTED**.

<u>FACTUAL AND PROCEDURAL HISTORY</u>

Based upon a review of the record in this case, and in a light most favorable to Plaintiff, the

facts of this case are as follows: In October 2007, an armed robbery occurred at the Friendly Gus

convenience store located in the unincorporated area of Baldwin County, Georgia.   Shortly

thereafter, detectives from the Baldwin County Sheriff's Department began to investigate.  <u>Affidavit</u>

<u>of Jarvis Culver</u>, ¶3, Doc. 39.  During the course of this investigation, detectives were able to obtain,

among other things, a copy of the store's surveillance video which showed that the perpetrator was

a black male dressed in blue work pants and a blue jacket.  Doc.6, p.8.  Upon presenting the

evidence collected during this investigation to a judge, Baldwin County Sheriff's Detective

Defendant Jarvis Culver secured an arrest warrant for Plaintiff Williams.  On October 7, 2007,

pursuant to this warrant, Plaintiff was arrested and held in the Baldwin County Jail until sometime

in April, 2008 when the armed robbery charge was dismissed.  Doc.6, p.5.

Later, during the early morning hours of November 11, 2008, an armed robbery took place at a Jet Foods Convenience store located in Milledgeville, Georgia. Doc.6, p.5. Because the store was located inside the city limits, the Milledgeville Police Department had jurisdiction over the investigation. Id. Accordingly, and upon learning of the robbery, Defendant Milledgeville Police Detective Brad Sellers went to the scene and began to investigate. Id. In the days that followed, and in the course of this investigation, police detectives contacted Defendant Culver to learn if he was aware of any similar robberies that had occurred in the unincorporated areas of the county. Culver aff., ¶8, Doc. 39. During this exchange, Defendant Culver provided the police detectives with a copy of the surveillance video he obtained while investigating the 2007 armed robbery at the Friendly Gus store. Id.

On November 18, 2008, Milledgeville Police Detective Wanda Holsey applied for and was able to secure arrest warrants for Plaintiff Williams. Later that day, pursuant to these warrants, Defendant Sellers arrested Plaintiff. Doc.6, p.7. Plaintiff was taken to the Milledgeville Police and then to the Baldwin County Jail.

On March 13, 2009, Plaintiff attended a probation revocation hearing. During this hearing, the Court found the evidence sufficient to conclude that Plaintiff had committed the armed robbery at Jet Foods and, as such, had violated the terms of his probation. Consequently, his probation was revoked and he was ordered to serve four years of his previously probated sentences for the felony offenses of Theft by Taking and Violations of the Georgia Controlled Substances Act. Nevertheless, the Baldwin County District Attorney's office opted to proceed with a separate prosecution of Plaintiff for the Jet Foods robbery.

On May 29, 2009, two days in advance of Plaintiff's jury trial for the Jet Foods robbery, Deputy Sonya Harris informed him that he would need to have someone bring him clothing to wear

during his jury trial or else he would required to wear the clothing furnished by the Sheriff's Department. Doc. 42, p.4. In order to make these arrangements, Plaintiff was allowed to phone his ex-girlfriend who agreed to bring him some clothes during her next visit on June 1, 2009. Id. Soon afterwards, Plaintiff was approached by Defendant District Attorney Charles Guerin and asked about the clothes he would wear at trial. Id. Plaintiff explained the arrangements that he had made with his ex-girlfriend. Id. Guerin responded by advising Plaintiff that neither jail nor courthouse personnel would be responsible for any clothing brought prior to the day of trial. Id. As such, Guerin instructed Plaintiff to have the clothing delivered no earlier than 9:00 a.m. on Tuesday, June 2, 2009, the day scheduled for his trial. Id.

On June 2, 2009, at approximately 7:15 a.m., Plaintiff was transported from the Jail to the Baldwin County Courthouse. Id. at p.5. Upon arriving at the courthouse, Plaintiff maintains that Defendant Sheriff Massey and his deputies informed him that he was needed in the courtroom immediately. Id. After learning that Plaintiff's court clothes would not be delivered until 9:00 a.m., Defendant Massey instructed one of his deputies to go purchase some clothing for the Plaintiff. Id.

After the deputy departed, Plaintiff tried unsuccessfully to reach his girlfriend to have her bring his clothing to the courthouse immediately. Id. at p. 6. When the deputy returned, he gave Plaintiff blue work pants, a blue work shirt, and a pair of boots. Id. At approximately 8:00 a.m., Plaintiff changed into these clothes and was directed to enter the courtroom. Id. at p.7. Once inside the courtroom, Plaintiff was instructed to sit in a chair in full view of a jury pool who, at the time, were in the voir dire process for a different trial. Id. According to Plaintiff, the jurors for his trial would be selected from the same group. Id. Later that day, at the conclusion of Plaintiff's trial, the jury returned a verdict of not guilty.

On June 2, 2010, Plaintiff filed his original Complaint (Doc. 1) along with a Motion to Proceed *In Forma Pauperis* (Doc. 2). After granting his Motion (Doc. 4), but before ordering service, the Court directed Plaintiff to recast his Complaint by more clearly identifying each of his claims and their associated defendants (Doc. 5). On June 30, 2010, in accordance with the Court's Order, Plaintiff filed a Recast Complaint. Doc. 6. There, Plaintiff began by naming Milledgeville Police Officers Wanda Holsey and Brad Sellers, Baldwin County Sheriff William Massee, Baldwin County Sheriff's Detective Jarvis Culver, and District Attorney Charles Guerin as Defendants. He then proceeded to allege claims of false arrest, false imprisonment, conspiracy, and various other violations of his right to due process stemming from his arrests for armed robbery in 2007 and 2008, his March 2009 probation revocation hearing, and events surrounding his June 2009 jury trial.

Upon receipt of Plaintiff's Recast Complaint, the Court conducted a frivolity review in accordance with the provisions of 28 U.S.C. § 1915A. Doc. 7. At the conclusion of this review, the only claims allowed to proceed included Plaintiff's claims of false arrest, false imprisonment, and malicious prosecution stemming from his 2008 arrest and 2009 jury trial. Id.

## DISCUSSION

### Defendant Guerin's Motion to Dismiss

As a result of the Court's order (Doc.33) adopting the recommendation prepared at the conclusion of the frivolity review described above, only one claim remains as against Defendant Guerin. This claim involves Plaintiff's allegation that, in attempt to deprive him of a fair trial, Guerin had him appear before the jury while wearing the same color and style of clothing worn by the perpetrator in the surveillance video and as described by a witness to the robbery. After review, and due the nature of and circumstances surrounding Guerin's alleged conduct, Plaintiff's claim against him is barred by the doctrine of absolute prosecutorial immunity and must, therefore, be dismissed.

It is well established that, with respect to actions taken in the initiation of a prosecution and in the course of presenting the state's case, prosecutors are entitled to absolute immunity from suit. Imbler v. Pachtman, 424 U.S. 409, 427 (1976).  In this case, the action attributed to Defendant Guerin is his alleged attempt to prejudice the jury by having them observe Plaintiff dressed in clothing similar to that described by other evidence.  This action is alleged to have occurred in the courtroom on the day of Plaintiff's jury trial.  As such, there can be no question that Guerin's actions were undertaken in an effort to present the state's case.  Thus, with respect to Plaintiff's claim premised upon this conduct, Guerin is entitled to absolute prosecutorial immunity.  Accordingly, **IT IS RECOMMENDED** that Defendant Guerin's Motion to Dismiss be **GRANTED** and that he be **DISMISSED** as a party in this action.

<u>Motion for Summary Judgment</u>

**Defendant Culver**

Plaintiff's claims against Defendant Culver consist of his assertions about Culver's alleged participation in Plaintiff's arrest and subsequent prosecution for the 2008 armed robbery of the Jet Foods convenience store.  Though Plaintiff has not articulated it as such, his claim is best categorized as one of malicious prosecution.[1]  "To establish a §1983 malicious prosecution claim, the plaintiff must prove two things: "(1) the elements of the common law tort of malicious prosecution; and (2) a violation of his Fourth Amendment right to be free from unreasonable seizures." <u>Grider v. City of Auburn, Alabama</u>, 618 F.3d 1240, 1256 (11th Cir. 2010).  "As to the first prong, the constituent elements of the common law tort of malicious prosecution are: '(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable

---

[1] Consideration of a malicious prosecution claim requires analysis of the issue of probable cause. Thus, no separate analysis of Plaintiff's false arrest/false imprisonment claim is necessary.

cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to plaintiff accused.'" Id. (quoting Wood v. Kesler, 323 F.3d 872, 882 (11th Cir. 2003)).

Plaintiff cannot satisfy any element of the common law tort of malicious prosecution. As an initial matter, review of the record reveals that Plaintiff's prosecution for the 2008 armed robbery was initiated and continued by Defendants Sellers, Holsey, and Guerin. The evidence indicates that Culver was involved in the investigation and prosecution of a prior armed robbery in Moreover, his arrest for the 2008 armed robbery occurred pursuant to arrest warrants and was, therefore, supported by probable cause. Furthermore, though he was found not guilty at trial, Plaintiff cannot show that the prosecution terminated in his favor. This conclusion is demonstrated by the fact that his probation was revoked upon a finding that he had committed the robbery. Finally, because Plaintiff's incarceration can be attributed to the revocation of his probation, any attempt to show damages stemming from the prosecution would be futile. Accordingly, Defendant Culver is entitled to judgment as a matter of law and, as such, his Motion for Summary should be granted.

**Defendant Massee**

Plaintiff's allegations about Defendant Massee are essentially the same as those levied against Defendant Guerin. That is, in an effort to deprive him of a fair trial, Defendant Massee allegedly caused Plaintiff to be seen by the jury wearing clothes similar to those worn by the robber in the video tape and as described by a witness. As was the case with his allegations against Defendant Culver, Plaintiff's assertions allege malicious prosecution. Plaintiff has failed to demonstrate a genuine dispute of material fact with regard to at least one essential element of this claim. Specifically, there is no evidence indicating that Plaintiff sustained any cognizable damages as a result of Defendant Massee's alleged actions. Stated differently, even if Plaintiff's factual allegations against Defendant Massee are accepted as true, he still cannot show any genuine dispute

of material fact as to the damage element of the claim.  Accordingly, and because he appears entitled to judgment as a matter of law, Defendant Massee's Motion for Summary Judgment should be granted.

CONCLUSION

For the above reasons, **IT IS RECOMMENDED** that Defendant Guerin's Motion to Dismiss and Defendants Culver and Massee's Motion for Summary Judgment be **GRANTED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 6th day of September, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge